**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**APR 2 1999**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

JESSE L. GARCIA,

        Petitioner - Appellant,

    v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 98-2276
(D. Ct. No. CIV-98-442-JC)
(D. N. Mex.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.


        After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

        This pro se appeal is from an order of the district court adopting the Report

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

and Recommendations of the magistrate judge dismissing Jesse Garcia's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner claims that the district court erred in dismissing his petition because his constitutional rights were violated when he was forced to appear for trial in prison garb, was convicted on insufficient evidence, and received ineffective assistance of counsel at trial. The district court refused to grant a certificate of appealability but granted petitioner's motion to proceed on appeal in forma pauperis. We decline to grant a certificate of appealability.

Petitioner in this matter was convicted of battery on a police officer and found to be a habitual offender. He was sentenced to a total of nine and one-half years, to run consecutively with a previously imposed 20 year sentence. In a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, petitioner claims that his rights protected by the Sixth and Fourteenth Amendments to the United States Constitution were violated when authorities forced him to appear at trial in prison clothing. He further argues that his convictions were not supported by sufficient evidence and that his trial counsel was ineffective.

Petitioner correctly alleges that a state cannot, consistent with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothing. See Estelle v. Williams, 425 U.S. 501,

512 (1976). In this case, the New Mexico Court of Appeals found that Mr. Garcia appeared at trial in a dark green shirt and dark green trousers provided by the Department of Corrections and that the calendar notice in that court did not contain anything to indicate that these clothes were provided by the Department of Corrections or otherwise identifiable as prison clothing. Although petitioner here claims that his shirt had his name, "Garcia," stamped on it, he does not otherwise contest the factual findings of the New Mexico Court of Appeals that the clothes were not identifiable as prison clothing. We agree with the magistrate judge that petitioner has failed to establish that he was forced to wear identifiable prison clothing at trial, in violation of his constitutional rights. See United States v. Forrest, 623 F.2d 1107, 1116 (5th Cir. 1980) (finding khaki prison clothing with a laundry number stenciled above the left rear pants pocket was not identifiable as prison clothing).

As his second ground for appeal, petitioner claims that his conviction was based on insufficient evidence. The record in the New Mexico courts contains a clear factual basis through the testimony of Deputy Wike. This claim for relief is without merit.

Finally, petitioner asserts that he received ineffective assistance of counsel at trial, but he asserts no factual basis for this claim. He makes only a bare statement that his attorney failed to investigate fully the facts of his case.

Conclusory allegations alone are insufficient to state a valid claim. See, e.g., Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner's ineffective assistance of counsel claim therefore fails.

After reviewing all of the filings and documents in this case, this panel concludes that none of the claims raised in petitioner's appeal have merit. We decline to grant a certificate of appealability.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge